## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**JENNIFER EHRHARDT,**
**and others similarly situated,**

       **Plaintiff,**

**v.**                                              **CASE NO. _____**

**PENSACOLA STATE COLLEGE,**

       **Defendant.**
_____/

## <u>DEFENDANT'S PETITION FOR REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

COURT, NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION:

**COMES NOW**, the **Defendant, Pensacola State College ("College")**, and

individually, by and through undersigned counsel, and pursuant to 28 U.S.C. §§

1331, 1441 and 1446, respectfully petition this Court to assume jurisdiction in the

above-captioned matter, and in support thereof state:

1.      The Plaintiff, Jennifer Ehrhardt, filed a civil action in the Circuit Court

of the First Judicial Circuit, in and for Escambia County, Florida, as styled above (a

copy of Plaintiff's Collective Action Complaint and Demand for Jury Trial

("Complaint") and all other state court filings are attached as exhibits hereto), on or

about June 2, 2021. The Plaintiff served the College with the Complaint on July 2,

2021.

2.      The Plaintiff's Complaint alleges disability employment discrimination in violation of the American with Disabilities Act, which is under 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, § 760.01, *et seq.*, Florida Statutes. Accordingly, this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that the Plaintiff has asserted claims under the laws of the United States.

3.      Thus, this action may be removed to this Court by the College pursuant to the provisions of 28 U.S.C. § 1441(c).

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Plaintiff's state law claim as both her state and federal claims form part of the same case or controversy under Article III of the United States Constitution

5.      Pursuant to 28 U.S.C. § 1446(b), the College has timely filed this Petition for Removal.

6.      Pursuant to 28 U.S.C. § 1446(d), and the local rules of this District Court, a true and complete copy of this Petition for Removal has been submitted for filing with the Clerk of the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.

7.      Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), the College will file its responsive pleading to the Plaintiff's Complaint within seven (7) days from the filing of the Notice of Removal.

**WHEREFORE**, the College prays that this Petition for Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the First Judicial Circuit in and for Escambia County, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action and proceed as if it had been originally commenced in this Court.

Respectfully submitted on this 30th day of July 2021.

*/s/ Avery D. McKnight*
**Robert E. Larkin, III**
Florida Bar No. 160814
rlarkin@anblaw.com
**Avery D. McKnight**
Florida Bar. No. 0974633
amcknight@anblaw.com
**ALLEN NORTON & BLUE, P.A.**
906 North Monroe Street
Tallahassee, Florida 32303
(850) 561-3503 (Telephone)
(850) 561-0332 (Facsimile)

***Counsel for the College***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the Court's electronic filing system this 30th day of July 2021 to Melissa C. Mihok, Esquire (mmihok@cplspa.com), CPLS, P.A., 201 East Pine Street, Suite 445, Orlando, Florida 32801.

*/s/ Avery D. McKnight*
Attorney

*7·2-21*
*11:30 Am*
*hb # 613*

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JENNIFER EHRHARDT
        PLAINTIFF,

Vs.

CASE NO:  **2021 CA 001509**
DIVISION:  **F**

PENSACOLA STATE COLLEGE
        DEFENDANT,

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **PENSACOLA STATE COLLEGE  C/O ED MEADOWS, PRESIDENT 1000 COLLEGE BLVD PENSACOLA, FL 32504**

Each defendant is hereby required to serve written defenses to said complaint on

plaintiff's attorney(s), whose address is

**MELISSA C MIHOK**
**CPLS, P.A.**
**201 E. PINE STREET, STE. 445**
**ORLANDO, FL 32801**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **8th day of June, 2021**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

        Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

Filing # 127977497 E-Filed 06/02/2021 04:21:46 PM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION

JENNIFER EHRHARDT,  )
    and others similarly  )
    situated,  )
                    )
    Plaintiff,  )
                    )      CASE NO.:
vs.  )
                    )
PENSACOLA STATE COLLEGE,  )
                    )
    Defendant.  )
_____)

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JENNIFER EHRHARFT, and others similarly situated, sue the Defendant, PENSACOLA STATE COLLEGE, and alleges as follows:

1.    This is a collective action to redress discrimination based upon disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.,* and the Florida Civil Rights Act, §760.01, *et seq.,* Florida Statutes, (FCRA).

### Parties

2.    Plaintiff EHRARDT is a resident of Escambia County, Florida, who, at all times relevant to this action, was an employee of the Defendant.

3.    Each named or represented Plaintiff was employed by the Defendant during all times relevant to this action and were Defendant's employees within the meaning of 42 U.S.C. §12111(4) and the FCRA.

4.     The Defendant is a political subdivision of the State of Florida in the geographical jurisdiction of this Court, and is an "employer" as that term is defined in the ADA and the FCRA.

5.     Plaintiff EHRHARDT was employed by the Defendant as a professor of business.

<u>Venue and Jurisdiction</u>

6.     Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in Escambia County.

7.     Supplemental jurisdiction is appropriate in this Court as the damages are more than $30,000.

<u>Relevant Facts</u>

8.     Plaintiff EHRHARDT suffers from ongoing respiratory issues.  This condition has been identified by the Center for Disease Control (CDC) as a condition that increases the risk of severe illness or death should the individual contract COVID-19.

9.     During the previous school year, Plaintiff EHRHARDT requested to teach her courses remotely, and that request was granted by the Defendant.

10.     However, the Defendant ordered Plaintiff EHRHARDT and others similarly situated to return to face-to-face teaching in late 2020.

11.     Plaintiff EHRHARDT submitted a request on December 11, 2020 to work remotely due to her disability and the ongoing risk from COVID-19.

*Ehrhardt v. Pensacola State College*; CPLS FILE 4290-1
Complaint and Demand for Jury Trial; Page 3

12.    The Defendant denied Plaintiff EHRHARDT's request for a reasonable accommodation on January 4, 2021, without individual consideration.

13.    The unnamed Plaintiffs (at this time) also requested a reasonable accommodation to work remotely due to conditions identified by the CDC as being "high risk" and were denied by the Defendant.

<u>COUNT I: DISABILITY DISCRIMINATION</u>

14.    The Plaintiffs were treated less favorably than co-workers who were not members of their protected class.  Specifically, but not as a limitation, the Plaintiffs was required to teach face-to-face courses while others were permitted to teach remotely.

15.    The Plaintiffs' disability(ies), were a determining factor in the decision to deny the Plaintiffs' request for reasonable accommodation to work remotely.  Such conduct violates the ADA and the FCRA.

16.    As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiffs have suffered, and continues to suffer, the loss of income and loss of potential employment opportunities.  The Plaintiffs also suffered and continue to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

17.    Plaintiff EHRHARDT has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue.  (A copy of the Notice of Right to Sue

*Ehrhardt v. Pensacola State College;* CPLS FILE 4290-1
Complaint and Demand for Jury Trial; Page 4

is attached hereto as Exhibit 1)  The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.   That the Court take jurisdiction over this action;

b.   That the Court award the Plaintiffs their lost pay and benefits caused by the Defendant's unlawful conduct;

c.   That the Court award the Plaintiffs compensatory damages for their mental anguish;

d.   That the Court award the Plaintiffs a reasonable attorney's fees and costs in bringing this action.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

Dated this 2nd day of June, 2020.

> **CPLS, P.A.**
> Attorneys | Consultants | Mediators
> 201 East Pine Street, Suite 445
> Orlando, Florida 32801
> (407) 647-7887
> (407) 647-5396 Fax
> CPLS File No. 4290-1
> *Attorneys for Plaintiff*
>
> Melissa C. Mihok, Esq.
> Florida Bar No. 555851
> mmihok@cplspa.com
> courtefiling@clpspa.com

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer Ehrhardt<br>5211 Chattam Avenue<br>Pensacola, FL 32507 | From: | Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2021-00449 | LANEETRA D. HARRIS,<br>Investigator | (251) 304-7924 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*

Erika LaCour,
Local Office Director

03/04/2021

(Date Issued)

Enclosure(s)

cc:

| PENSACOLA STATE COLLEGE | Melissa Mihok, Esq. |
|---|---|
| c/o Lynsey Listau<br>Executive Director<br>1000 College Boulevard<br>Pensacola, FL 32504 | 201 East Pine Street<br>Suite 445<br>Orlando, FL 32801 |

EXHIBIT 1

Filing # 130125302 E-Filed 07/06/2021 04:36:19 PM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION

JENNIFER EHRHARDT,  )
    and others similarly  )
    situated,  )
                      )
    Plaintiff,  )
                      )    CASE NO.: 2021-CA-001509
vs.  )
                      )
PENSACOLA STATE COLLEGE,  )
                      )
    Defendant.  )
_____)

## NOTICE OF FILING RETURN OF SERVICE

The Plaintiffs, JENNIFER EHRHARDT, and others similarly situated, hereby give notice of filing the Return of Service in the above-captioned matter, attached hereto as Exhibit 1, indicating that service was completed upon the Defendant on July 2, 2021.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the instant document with the ePortal system and forwarded a true and accurate copy of this document to Ed Meadows, President, Pensacola State College, 1000 College Blvd., Pensacola, FL 32504 on this the 6th day of July, 2021.

*Ehrhardt v. Pensacola State College*, CPLS FILE 4290-1
Notice of Filing Return of Service; Page 2

**CPLS, P.A.**
Attorneys | Consultants | Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
(407) 647-7887
(407) 647-5396 Fax
CPLS File No. 4290-1
*Attorneys for Plaintiff*

_____

Melissa C. Mihok, Esq.
Florida Bar No. 555851
mmihok@cplspa.com
courtefiling@clpspa.com

## RETURN OF SERVICE

State of Florida                    County of Escambia                              Circuit Court

Case Number: 2021-CA-001509

Plaintiff:
**JENNIFER EHRHARDT**

vs.

Defendant:
**PENACOLA STATE COLLEGE**

For:
Melissa C. Mihok
CPLS, P.A.
201 East Pine Street
Suite 445
Orlando, FL 32801

Received by Lynx Legal Services, LLC on the 2nd day of July, 2021 at 9:25 am to be served on **Pensacola State College c/o Ed Meadows, President, 1000 College Boulevard, Pensacola, FL 32504**

I, Larry Gunter, do hereby affirm that on the **2nd day of July, 2021 at 11:30 am**, I:

**CORPORATE** served by delivering a true copy of the **20-Day Summons, Collective Action Complaint and Demand for Jury Trial and Exhibit 1** with the date and hour of service endorsed thereon by me, to: Tom Gilliam as General Counsel for Pensacola State College, at the address of: **1000 College Boulevard, Pensacola, FL 32504**, and informed said person of the contents therein, in compliance with F.S. 48.081

Description of Person Served: Age: 50, Sex: M, Race/Skin Color: White, Height: 6'3", Weight: 280, Hair: Black, Glasses: Y

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

Larry Gunter
Process Server

**Lynx Legal Services, LLC**
**201 E. Pine Street**
**Suite 740**
**Orlando, FL 32801**
**(407) 872-0707**

Our Job Serial Number: LIN-2021017191
Ref: 4290-1

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2o

Exhibit 1